IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE J. PEACE, II,

    Petitioner,               No. CIV S-12-0089 CKD P

    vs.

SAN JOAQUIN COUNTY,[1]        ORDER AND

    Respondent.            FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state pretrial detainee proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner, who in January 2009 was charged with seven felony counts including attempted murder, claims that pretrial proceedings in the San Joaquin County Superior Court violated his rights under the Sixth and Eighth Amendments to the United States Constitution.

\\\\\

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). In the instant action, petitioner pro se has improperly named San Joaquin County as respondent.

1     Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

    Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the petition that petitioner is not entitled to federal habeas relief.

    This court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  Principles of comity and federalism require that this court abstain and not entertain petitioner's pre-conviction habeas challenge unless he shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention.  See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).  Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.  See id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971).).

    Here, petitioner makes no such showing of "special circumstances" warranting federal intervention before his trial is held and any appeal is completed.  He claims that the March 23, 2009 preliminary hearing in his criminal case was not fair and impartial, that his attorney was not permitted to adequately defend him at the hearing, and that the charges against him were not supported by the evidence.  He attaches his motion to dismiss the charges against him pursuant to Cal. Penal Code § 995, which was denied.  These circumstances do not warrant intervention by this court.

Additionally, court records indicate that petitioner filed a prior petition in this court as a pretrial detainee, in which he claimed that he was falsely arrested and wrongfully charged in January 2009.  In Peace v. San Joaquin County, Case No. CIV S-11-0444-CMK, the petition was summarily dismissed on January 24, 2012.  When a successive[2] petition has been filed, the district court has discretion to either transfer that petition to the court of appeals or dismiss the petition.  United States v. Winestock, 340 F.3d 200 (4th Cir. 2003) (§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139-140 (3rd Cir. 2002).  Under Ninth Circuit Rule 22-3, "[i]f a second or successive petition or motion, or an application for leave to file such an application or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."  Because the instant petition concerns petitioner's preliminary hearing and § 995 motion (rather than his arrest, as in his earlier petition), and because the undersigned does not find petitioner's claims to be even colorable, rather than refer the instant petition to the Ninth Circuit Court of Appeals, the undersigned will recommend summary dismissal pursuant to Rule 4.

Accordingly, IT IS HEREBY ORDERED THAT petitioner's application to proceed in forma pauperis is granted.  The Clerk is directed to assign a district judge to this case.

IT IS HEREBY RECOMMENDED that this petition be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

\\\\\

---

[2] In the terms of the statute, "successive" means either that a petition with the same issue as contained in a previous petition is being raised again, or that the petition contains an issue that should have been raised in a previous petition (formerly known as "abusive" petitions).

1       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
peac0089.successive

4